THE STATE, EX REL. TRIDICO, APPELLANT, *v.*
MERRICO, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Tridico, *v.* Merrico, Inc. (1988),
35 Ohio St. 3d 15.]

(No. 86-829—Decided January 6, 1988.)

*Michael J. Muldoon,* for appellant.

*Baran, Piper, Tarkowsky & Fitzgerald Co., L.P.A.,* and *John Tarkowsky,* for appellee Merrico, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

*Per Curiam.* The appellate court based its denial of appellant's complaint for a writ of mandamus on the ground that appellant's counsel failed to timely file the amendments to the VSSR application. The court stated that "[t]he commission hearing officer granted two weeks to allow amendment. Such permission was within the hearing officer's discretion. The relator took almost six weeks to file her amendment."

This conclusion is not supported by the record. The commission order which granted appellant two weeks to file an amended VSSR application stipulated that the two-week period was to commence "from [the] date of receipt of this order." The record discloses that this order was mailed on February 22, 1984 and received by appellant's counsel on February 27, 1984. Accordingly, appellant's first motion to amend the VSSR application, filed on January 3, 1984, was actually filed prior to the receipt of the commission's order, and appellant's second motion to amend the VSSR application, filed on March 8, 1984, was filed within the designated two-week period.

The Industrial Commission is vested with a wide latitude of discretion in the performance of its duties. *State, ex rel. A-F Industries,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 136, 138, 26 OBR 117, 118, 497 N.E. 2d 90, 92. This discretion is subject to correction in an action in mandamus only upon a showing of an abuse of discretion, which has been defined as a showing that the commission's decision was rendered without some evidence to support it. *State; ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 20, 31 OBR 70, 72, 508 N.E. 2d 936, 938. We find that the commission's denial of appellant's motions to amend the VSSR application as being untimely filed is contrary to the facts herein and manifests a clear abuse of discretion.

For the reasons set forth in this opinion, we reverse the judgment of the court of appeals and allow a writ of mandamus compelling the commission to conduct a hearing on the merits of appellant's VSSR application, as amended on January 3, 1984 and March 8, 1984.

*Judgment reversed*
*and writ allowed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., not participating.