DECISION
{¶ 1} Relator, Kevin R. Sheely, filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order, which denied relator an additional award for the *Page 2 
violation of a specific safety requirement ("VSSR") by respondent Crew Soccer Stadium LLC, and ordering the commission to find that relator is entitled to an additional award for the VSSR.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator filed two objections to the magistrate's decision.
 {¶ 3} First, relator argues that the magistrate erred by finding that relator and a co-worker were removing a plywood cover from the floor opening so that roof supports could be put into place. Relator asserts that the roof supports were not being placed at the time of the injury, but were to be placed at some later time.
 {¶ 4} Relator was part of a work crew constructing a concert stage at Crew Stadium. During construction of the stage, workers placed pieces of plywood over holes in the stage floor where roof supports would eventually go. To cover openings on stage right, where work was taking place, relator and a co-worker were directed to remove plywood from stage left and carry it to stage right. Relator and the co-worker lifted a plywood cover in order to move it, relator became distracted by something behind him and stopped momentarily, the co-worker continued to move, relator was pulled off balance, and relator fell into the hole they had just uncovered.
 {¶ 5} Through his objection, relator seeks to clarify that movement of the plywood was not necessary for the immediate construction of a roof support in the hole where he fell. While we do not accept relator's criticism that the magistrate was acting *Page 3 
as a "super-commission," we acknowledge the need for clarity. We will change the first sentence of Finding of Fact 2 to the following: "At the time relator was injured, he and a co-worker were removing a plywood cover and moving it from one area of the stage to another." Nevertheless, we conclude that this change has no substantive impact on the outcome of this matter.
 {¶ 6} In his second objection, relator argues that the magistrate erred by upholding the commission's decision. We conclude, however, that the magistrate analyzed and resolved this argument appropriately. We adopt the magistrate's reasoning as our own and overrule the objection.
 {¶ 7} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, except as we indicated above. In accordance with the magistrate's decision, the requested writ is denied.
Objections overruled, writ of mandamus denied.
BRYANT and GREY, JJ., concur.
GREY, retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered on June 19, 2008 IN MANDAMUS {¶ 8} Relator, Kevin R. Sheely, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator an additional award for the *Page 5 
violation of a specific safety requirement ("VSSR") by respondent Crew Soccer Stadium LLC ("employer"), and ordering the commission to find that relator is entitled to an additional award for the VSSR.
Findings of Fact: {¶ 9} 1. On May 24, 2006, relator sustained an industrial injury while setting up a concert stage at Crew Soccer Stadium. The stage floor was built leaving several temporary openings to accommodate the upright supports for the roof structure. The floor openings were covered with pieces of plywood. When it was time to set the roof supports in place, the plywood was removed from the openings.
 {¶ 10} 2. At the time relator was injured, he and a co-worker were removing a plywood cover [and moving it from one area of the stage to another]. Relator was distracted by a noise and, as the co-worker moved, relator lost his balance, stepped forward into the opening, and fell to the ground below.
 {¶ 11} 3. Relator sustained significant injuries and his claim has been allowed for the following conditions:
 * * * Strain of right knee and leg; fracture of the left calcaneus; fracture of the right femoral condyle; fracture of the right upper tibia; right medial collateral ligament tear; strain of the right popliteus muscle; strains of the right soleus muscle, posterior tibialis muscle and lateral head of the gastrocnemius muscle; right anterior cruciate ligament tear; right posterior capsule tear; right medial meniscus tear; fracture of the left sustentaculum tali and posterior process of the talus; right iliotibial strain; left closed calcaneus fracture ICD code 825.0.
 {¶ 12} 4. On September 19, 2006, relator filed an application seeking an additional award for a VSSR alleging violations of the following Ohio *Page 6 
Administrative Code sections: "4123:1-3-04(D)(1)," "4123:1-5-02(C)(1) and (2)," and "4123:1-5-02(D)(1) — (4)." Those sections relate to guarding floor openings.
 {¶ 13} 5. Relator's application was heard before a staff hearing officer ("SHO") on May 17, 200[7], and resulted in an order denying relator's request. First, the SHO determined that Ohio Adm. Code 123:1-5-02(C)(1) through (2) and (D)(1) through (4) did not apply because those sections apply only to workshops and factories. At the time of his injury, relator was setting up an outdoor concert stage and was not working in a workshop or factory.
 {¶ 14} 6. Thereafter, the SHO determined that relator had failed to establish a violation of Ohio Adm. Code 4123:1-3-04(D)(1) which provides:
 (D) Openings.
 (1) Floor openings.
 Floor openings shall be guarded by a standard guard railing and toeboard or a cover with a safety factor of no less than two and so constructed that the cover cannot be accidentally displaced. A safety belt or harness may be provided in lieu of a standard guard railing and toeboard or cover.
 {¶ 15} 7. The SHO denied relator's application as follows:
 The claimant testified at hearing that he was moving plywood from a floor opening of the stage floor to the other side of the stage in order to cover an opening on the other side of the stage when he inadvertently stepped into the opening. The claimant indicates that the opening was approximately three feet by twenty feet in size (transcript pg. 8) and the plywood was four feet by eight feet in size. The floor opening was constructed for the purpose of installing roof supports (transcript pgs. 9 and 11, and per 10/16/2006 memo from Ryan Smith). The claimant had just lifted a piece of plywood covering the floor opening with another co-worker when he heard something turned his head and stepped forward stepping into the floor opening. The floor opening had been covered but was uncovered by the claimant and *Page 7 
another co-worker at the time of the industrial injury. The Staff Hearing Officer does not find a violation of this section for various reasons.
 First, the safety requirement of having a cover guarding the floor opening had been met. The claimant testified that pieces of plywood were laid over the floor opening. The accident occurred after the claimant removed the floor covering/plywood.
 Second, the employer could not have guarded the floor opening as the claimant had removed the cover of the floor opening which had provided a guard of this opening.
 The Staff Hearing Officer relies on the claimant's testimony at hearing; the IC-8 application; the FROI-1 application; the 10/16/2006 memo from Mr. Smith of the Columbus Crew Stadium; and the claimant's 11/07/2006 affidavit (SVIU Exhibit #1 and Exhibit #3).
 {¶ 16} 8. Relator's request for rehearing was denied by order of the commission mailed October 17, 2007.
 {¶ 17} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse
of discretion and mandamus is not appropriate. State ex rel. Lewis v.Diamond Foundry *Page 8 Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 19} In order to establish a VSSR, a claimant must prove that: (1) there exists an applicable and specific safety requirement in effect at the time of the injury; (2) the employer failed to comply with the requirements; and (3) the failure to comply was the proximate cause of the injury in question. State ex rel. Trydle v. Indus. Comm. (1972),32 Ohio St.2d 257.
 {¶ 20} The interpretation of a specific safety requirement is within the final jurisdiction of the commission. State ex rel. Berry v. Indus.Comm. (1983), 4 Ohio St.3d 193. Because a VSSR is a penalty, however, it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. State ex rel. Burton v. Indus. Comm.
(1989), 46 Ohio St.3d 170. The question of whether an injury was caused by an employer's failure to satisfy a specific safety requirement is a question of fact to be decided by the commission subject only to the abuse of discretion test. Trydle; State ex rel. A-F Industries v. Indus.Comm. (1986), 26 Ohio St.3d 136; State ex rel. Ish v. Indus. Comm.
(1985), 19 Ohio St.3d 28.
 {¶ 21} In this mandamus action, relator argues that the commission abused its discretion and denied his request for a VSSR award due to his unilateral negligence. Relator argues that the defense of unilateral negligence only applies where a claimant not only acted alone, but also acted contrary to the employer's work order. Relator *Page 9 
contends that he was following his employer's orders when he removed the plywood cover and sustained his injuries.
 {¶ 22} For the following reasons, the magistrate rejects relator's arguments.
 {¶ 23} In its order, the commission first found that the safety requirement of having a cover guarding the floor opening had been met by the employer. Second, the commission determined that the removal of the covering was necessary in order to proceed to the next phase of construction. The cover was removed so that the roof supports could be installed in those openings. Further, the commission found that there was no way for the employer to guard the opening between the time the plywood cover was removed and the roof supports were put in place.
 {¶ 24} Contrary to relator's argument, nothing in the commission's order held relator responsible for the accident due to his own negligence. Unfortunately, circumstances conspired against relator when this accident occurred.
 {¶ 25} First, the employer had the holes guarded with the plywood covers and was in compliance with the code section. Second, the plywood covers had to be removed in order for the project to advance to the next step. Third, as relator and a co-worker were in the process of removing the plywood covering, relator accidentally fell into the opening and was injured. The process here is no different than the following scenario: An employer has a machine with a properly guarded saw blade. In order to complete the next project, a new blade needs to be installed. The employee removes the guard so that the new blade can be installed. If somehow this employee sustained an injury at this time by cutting his hand on the blade, it likewise would not be a VSSR. This employee is not being asked to use the machine without proper guarding. In the *Page 10 
case before us, relator was not being asked to walk around the stage in the vicinity of the floor opening. He fell into the opening as he was removing the plywood covering. A VSSR is a penalty imposed on an employer that fails to comply with specific safety requirements intended to protect workers. Here, the opening was properly guarded. The cover had to be removed. As he removed the cover, relator fell into the opening. The fact that he sustained injuries is extremely unfortunate, but it was an accident: neither the employer's nor relator's fault.
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion by denying his application for an additional award for the employer's VSSR and this court should deny his request for a writ of mandamus. *Page 1