[Cite as *Doyle v. Metzer*, 2015-Ohio-3738.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MICHAEL J. DOYLE, JR. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.    2015CA00002 |
| MINDY MARIE METZER | : |         2015CA00019 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Civil appeal from the Stark County Court of
                                                      Common Pleas, Juvenile Division, Case
                                                      No. 2013JCV01294


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:        September 14, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROSEMARY G. RUBIN                    TRACEY LASLO
1435 Market Avenue North             325 East Main Street
Canton, OH 44714                         Alliance, OH 44601

*Gwin, P.J.*

{¶1} Appellant appeals the December 10, 2014 and January 8, 2015 judgment entries of the Stark County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

{¶2} On December 30, 2013, appellee Michael J. Doyle, Jr. filed a complaint for establishment of paternity and custody of H.D., born April 21, 2013. CSEA filed a motion for child support on June 11, 2014. On July 16, 2014, appellee filed a motion to adopt shared parenting plan. A hearing was held before a magistrate on August 5, 2014. Appellant is H.D.'s mother, Mindy Metzgar.

{¶3} Appellee testified that to exercise his visitation with H.D., he travels to his parents' house in Euclid, Ohio. While he previously worked for a construction company, in 2013, appellee accepted temporary employment in Illinois with a moving company and believes it will benefit his career and earning potential. In 2013, appellee earned $23,073, while he is now paid $36,000 annually. Appellee's company provides him with a place to live for some period of months. Appellee has not yet obtained insurance for H.D. because he does not have her birth certificate or social security card. He testified that a birth certificate for H.D. with his last name on it would assist him in providing health insurance for H.D.

{¶4} Appellee requested that he be allowed to claim H.D. on his tax return. He testified that he will receive a benefit. Appellee testified that it is a long drive from Illinois to Ohio and it costs him $220 each weekend that he visits. Appellant's attorney stipulated to the amount of money that it costs appellee to travel to visit H.D. on the weekends that he receives visitation. Appellee asked the magistrate to consider travel

expenses as a deviation in child support. Appellee testified that when completing the child support worksheet, he did not know appellant's income, so he imputed it as minimum wage.

{¶5} With regards to H.D.'s last name, appellee testified that he wanted her to have his last name and did not think it was a good idea for H.D. to have the last name of someone who is not her father and who she is not related to. H.D.'s guardian ad litem recommended that appellant receive custody of H.D. and appellee receive visitation. Further, that visitation with appellee is in H.D.'s best interest.

{¶6} Appellant did not testify or present any evidence.

{¶7} The magistrate issued a decision on September 2, 2014. The magistrate found appellee's testimony to be credible. With regards to the findings of the magistrate, the magistrate specifically stated that the "court has reviewed the necessary factors within the Ohio Revised Code and applicable case law in making the findings." The magistrate found shared parenting was not in the best interest of H.D. due to the distance between appellant and appellee. Rather, the best interest of H.D. would be served with appellant as the residential parent and legal custodian, with frequent and continuing contact with appellee and his family. The magistrate found that having appellee claim H.D. as a tax exemption will further H.D.'s best interest pursuant to R.C. 3119.82.

{¶8} The magistrate calculated the child support guideline pursuant to Ohio law and found the amount to be unjust and not in H.D.'s best interest due to the travel expenses incurred by appellee that are necessary to his visits. A deviation of $2,400 per year was granted based upon appellee's testimony. The magistrate awarded

appellant child support in the amount of $220.88 per month when appellee provides health insurance, or $196 per month plus cash medical of $80 if appellee does not provide health insurance.

{¶9} The magistrate further found that it is in the best interest of H.D. to change her surname to appellee's last name from the name of the individual who appellant thought was the actual father of H.D.

{¶10} Appellant filed objections to the magistrate's decision on September 16, 2014 regarding child support, the tax exemption, and the change of the child's last name.

{¶11} At a November 26, 2014 hearing before the trial court, appellant argued that the magistrate incorrectly granted appellee a deviation for travel expenses as appellee chose to move. Further, that the magistrate failed to look at the statutory factors in R.C. 3119.23 with regards to the tax exemption. Finally, that appellant wanted H.D.'s last name to be hyphenated rather than solely have appellee's last name. Appellee argued that appellant presented no testimony or evidence at the hearing before the magistrate and that had appellee testified as to travel time and deviation, child support, and the change of name.

{¶12} The trial court issued a judgment entry on December 10, 2014 and sustained appellant's objections in part and overruled appellant's objections in part. The trial court "considered whether taxes would be saved by allocating federal tax dependency exemption" to appellee, the non-custodial parent. The trial court specifically stated it reviewed all pertinent factors, including parents' gross incomes, exemptions, deductions, and relevant federal, state, local tax rates, and approved and

adopted the magistrate's decision with regards to the tax exemption allocated to appellee. The trial court stated that, with regards to the name change issue, it considered the factors set forth in *Bobo v. Jewell* and, when applying them to the evidence presented to the magistrate, the magistrate's determination as to H.D.'s last name should be adopted and approved.

{¶13} The trial court found that the amount of child support and deviation amount as decided by the magistrate was supported by the evidence presented and the court approved the amount of child support and deviation. The trial court sustained appellant's objection with regards to the commencement date of child support, but approved and adopted all other aspects of the magistrate's decision. The trial court directed the attorneys to prepare a final judgment entry. On January 8, 2015, the trial court entered a final judgment entry containing the rulings made by the trial court on December 10, 2014.

{¶14} Appellant appeals the judgment entries of the Stark County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶15} "I. THE TRIAL COURT ERRED IN PROVIDING A CHILD SUPPORT DEVIATION OF $200.00 PER MONTH FOR FATHER'S TRAVEL EXPENSES DESPITE HIS VOLUNTARY MOVE FROM THE JURISDICTION AND IN IMPUTING INCOME TO MOTHER WITH NO CONSIDERATION OF CHILD CARE COSTS.

{¶16} "II. THE TRIAL COURT ERRED IN AWARDING THE TAX EXEMPTION TO FATHER DESPITE THE FACT THAT MOTHER IS THE CUSTODIAL PARENT.

{¶17} "III. THE TRIAL COURT ERRED IN CHANGING THE CHILD'S LAST NAME TO FATHER'S LAST NAME AND IN DENYING MOTHER'S REQUEST THAT THE CHILD'S LAST NAME BE HYPHENATED."

I.

{¶18} In her first assignment of error, appellant argues the trial court abused its discretion by granting appellee a deviation in his monthly child support obligation based on the travel expenses associated with the exercise of his parenting time.

{¶19} In reviewing matters concerning a child support deviation, the decision of the trial court should not overturned absent an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). In order to find an abuse of discretion, we must find that the court's action is unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1989).

{¶20} A trial court may order child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if the amount calculated would be unjust or inappropriate and would not be in the best interest of the child. *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992). When determining whether a departure from the guideline child support amount is warranted, the trial court may consider whether a parent incurs extraordinary costs associated with visitation. *Hurst v. Hurst*, 12th Dist. Warren No. CA2013-10-100, 2014-Ohio-4762, citing R.C. 3119.23(D); *Kemp v. Kemp*, 5th Dist. Stark No. 2009CA00035, 2009-Ohio-6089. If the parent incurs extraordinary travel costs, a downward deviation will only be granted if the trial court further finds that such

deviation is in the child's best interests. *Hurst v. Hurst*, 12th Dist. Warren No. CA2013-10-100, 2014-Ohio-4762, citing R.C. 3119.23(D); *Ornelas v. Ornelas*, 978 N.E.2d 946, 2012-Ohio-4106 (12th Dist. Warren); see also *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992).

{¶21} In this case, the magistrate stated that he "reviewed the necessary factors within the Ohio Revised Code and applicable case law." The magistrate specifically found appellee's testimony credible. The magistrate, "calculated the child support guidelines pursuant to Ohio law" and found the amount to be unjust and not in H.D.'s best interest due to the travel expenses incurred by appellee necessary to his visits. The magistrate granted a deviation of $2,400 per year based on appellee's testimony. The trial court found that the child support amount and deviation as determined by the magistrate was supported by the evidence presented.

{¶22} Appellee testified that it costs him $220 per weekend that he visits H.D. Appellant's attorney stipulated to the cost per weekend. While appellee testified to his travel expenses, appellant failed to controvert his testimony or present any evidence with regard to the potential deviation.

{¶23} The trial court thoroughly considered the evidence related to travel expenses. The magistrate found appellee's testimony to be credible. The magistrate expressly stated it considered all the factors included in the Ohio Revised Code and applicable case law. We find no record demonstration to show otherwise. After considering such factors, the magistrate and trial court determined it is in H.D.'s best interest to deviate in the calculation of child support. In this case, we find there was competent and credible evidence to support the trial court's decision and the deviation

is not unreasonable, arbitrary, or unconscionable.  See *Hurst v. Hurst*, 12th Dist. Warren No.CA2013-10-100, 2014-Ohio-4762; *Kemp v. Kemp*, 5th Dist. Stark No. 2009CA00035, 2009-Ohio-6089.

**{¶24}**  Appellant additionally argues the trial court erred in imputing her income at minimum wage on the child support worksheet.  The imputation of income is a matter to be determined by the trial court based upon the facts and circumstances of each case. *Tennat v. Martin-Auer*, 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013 (5th Dist. Licking); *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993).   A determination with respect to these matters will be reversed only upon a showing of abuse of discretion.  *Id.*

**{¶25}**  In this case, the magistrate found appellee's testimony to be credible and explicitly stated that he "considered the applicable case law."  Appellee testified that he utilized minimum wage for appellant in the child support worksheet.  Appellant did not challenge any portion the child support worksheet provided by appellee or argue during the hearing before the magistrate that the income imputed to her was incorrect.  Further, appellant provided no evidence or testimony on her earnings or income.  Based upon these facts and circumstances, we find the trial court did not abuse its discretion regarding imputation of income.

**{¶26}**  Appellant's first assignment of error is overruled.

II.

**{¶27}**  Appellant argues the trial court abused its discretion in awarding appellee the tax exemption for the child because appellant is the custodial and residential parent.

**{¶28}** We review a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard. *Hughes v. Hughes*, 35 Ohio St.3d 15, 518 N.E.2d 1213 (1988). Thus, pursuant to *Blakemore v. Blakemore*, we must determine whether the trial court's decision in awarding the exemption to appellee was arbitrary, unconscionable, or unreasonable, and not merely an error of law or judgment. 5 Ohio St.3d 217, 450 N.E.2d 1140 (1989). However, this discretion is both limited and guided by the statutory requirements of R.C. 3119.82, which provides that:

Whenever a court issues * * * a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the Internal Revenue Code of 1986 * * * if the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and * * * In cases which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶29} Accordingly, the trial court must find that the "interest of the child has been furthered" before it can allocate the tax exemption to the non-custodial parent and must consider any relevant factor concerning the best interest of the child in making such a decision. *Nist v. Nist*, 5th Dist. Delaware No. 02 CAF 11060, 2003-Ohio-3292; *In re Custody of Harris*, 2nd Dist. Champaign Nos. 2005-CA-42, 2005-CA-4, 2006-Ohio-3649. The best interest of the child is furthered when the allocation of the tax exemption to the noncustodial parent produces a net savings for the parents. *Nist v. Nist*, 5th Dist. Delaware No. 02 CAF 11060, 2003-Ohio-3292.

{¶30} In this case, the magistrate stated that he "reviewed the necessary factors within the Ohio Revised Code and applicable case law" and allocating the tax exemption to appellee will "further H.D.'s best interest pursuant to R.C. 3119.82." The trial specifically stated it "reviewed all pertinent factors, including parents' gross incomes, exemptions, deductions, and relevant federal, state, local tax rates" and approved and adopted the magistrate's decision with regards to the tax exemption allocated to appellee.

{¶31} The trial court and magistrate expressly stated they reviewed all the pertinent factors with regard to the best interest of H.D. when allocating the tax exemption to appellee. We find no record demonstration to show otherwise. Appellee testified that he will receive a benefit if he claims H.D. on his tax return. Appellant presented no testimony or evidence that she would receive a benefit for the tax exemption or that allocating the tax exemption to her would be in the best interest of H.D. Accordingly, we find the trial court did not abuse its discretion in allocating the tax exemption to appellee. Appellant's second assignment of error is overruled.

III.

**{¶32}** Appellant argues that the trial court erred in changing the child's last name to appellee's last name and in denying appellant's request that the child's last name be hyphenated.

**{¶33}** When reviewing a trial court's decision determining that a child's name either should or should not be changed, a reviewing court may not substitute its own judgment for that of the trial court, but it must consider whether the trial court abused its discretion. *D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743, 983 N.E.2d 1273. In order to find an abuse of discretion, we must find that the court's action is unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1989).

**{¶34}** The Ohio Supreme Court has held that the same rationale applies to a name change action in probate court pursuant to R.C. 2717.01 and a name change in a juvenile court paternity action pursuant to R.C. 3111.13(C). *D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743, 983 N.E.2d 1273. Pursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child. *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988).

**{¶35}** In deciding whether to grant such an application, the court, in determining whether reasonable and proper cause has been established, must consider if such a change is in the child's best interests. *In re: Willhite*, 85 Ohio St.3d 28, 706 N.E.2d 778 (1999). In assessing whether the change of a minor surname is in the child's best

interest, a court should consider: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time a child has used a surname; the preference of the child if the child is of sufficient mature age expressing meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest. *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988).

{¶36} In this case, the magistrate specifically stated that he "reviewed the necessary factors within the Ohio Revised Code and applicable case law" and determined it is in the best interest of H.D. to change her surname from that of the individual appellant thought could be her father to that of appellee. The trial court stated that it "considered the factors set forth in *Bobo v. Jewell*" and, when applying them to the evidence presented to the magistrate, found it is in H.D.'s best interest to change her surname to that of appellee.

{¶37} Further, H.D. was just over one year old at the time of the hearing. The surname appellant originally chose for H.D. was not appellant's last name and was not hyphenated. H.D. was not in school at the time of the hearing.. Appellee testified before the magistrate that he wanted H.D. to have his last name and did not think it was in H.D.'s interest to have the last name of someone that she is not related to. In contrast, appellant did not testify before the magistrate and presented no evidence as to why hyphenation would be in the best interest of H.D.

{¶38} Based upon the record and the evidence presented, we find the trial court's action of changing H.D.'s surname to appellee's surname is not unreasonable, arbitrary, or unconscionable.  Appellant's third assignment of error is overruled.

{¶39} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Farmer, J.,and

Baldwin, J., concur