[Cite as *State ex rel. Jackson Tube Serv., Inc. v. Indus. Comm.*, 2017-Ohio-1573.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jackson Tube Service, Inc., | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 16AP-351 |
| | : | |
| Industrial Commission of Ohio and Chad M. Thompson, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on April 27, 2017

**On Brief:** *Coolidge Wall Co., L.P.A., David C. Korte, Michelle D. Bach,* and *Joshua R. Lounsbury,* for relator. **Argued:** *Joshua R. Lounsbury.*

**On Brief:** *Michael DeWine,* Attorney General, *Eric J. Tarbox,* and *Cheryl J. Nester*, for respondent Industrial Commission of Ohio. **Argued:** *Eric J. Tarbox.*

**On Brief:** *Hochman & Plunkett Co., L.P.A., Gary D. Plunkett,* and *Daniel J. O'Brien,* for respondent Chad M. Thompson. **Argued:** *Daniel J. O'Brien.*

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, P.J.

{¶ 1} Jackson Tube Service, Inc., filed this action in mandamus seeking to overturn the findings of the Industrial Commission of Ohio ("commission") that Jackson Tube Service was guilty of violating a specific safety requirement ("VSSR").

{¶ 2}   In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.  The parties stipulated the pertinent evidence and filed briefs.  The magistrate then issued a magistrate's decision, appended hereto, which contains detailed findings of fact and conclusions of law.  The magistrate's decision includes a recommendation that we deny the request for a writ.

{¶ 3}   Counsel for Jackson Tube Service has filed objections to the magistrate's decision.  Counsel for Chad Thompson, the injured worker, has filed a memorandum in response.  The case is now before the court for a full, independent review.

{¶ 4}   As indicated in the magistrate's decision, Chad Thompson was seriously injured when a flywheel he was trying to install fell on him.  Jackson Tube Service admitted that Thompson had been required to work under a suspended load and therefore was in the danger which was supposed to be avoided by compliance with Ohio Adm.Code 4123:1-5-15(D), which reads:

> Employees shall not be required to work or pass under suspended loads, nor shall the crane operator be required to carry a suspended load over employees.

{¶ 5}   Jackson Tube Service has attempted to avoid the fact that it violated Ohio Adm.Code 4123:1-5-15(D) by asserting that the job could not be done without violating Ohio Adm.Code 4123:1-5-15(D).  The staff hearing officer who heard the application for a VSSR was not convinced.  Neither are we.

{¶ 6}   An employer should not be permitted to put an employee's life in danger simply because the employer cannot think of a safe way to do the job.  Thompson thought that there were safety devices available from the manufacturer of the flywheel which could keep the flywheel from falling on a worker who was working on it.  In an affidavit submitted after the hearing before the SHO, Jackson Tube Service asserts that it has talked to the manufacturer and the manufacturer has said that it does not offer the safety device described by Thompson.  However, at paragraph 11 of the affidavit, Jackson Tube Service states the manufacturer suggested an alternative, albeit difficult, way to replace the flywheel without using the crane and sling.

{¶ 7}   Thus, it appears a revision of the repair system may have been possible.  Regardless, the affidavit was submitted after the hearing before the SHO and the affiant

was averring a conversation with a third party who did not provide sworn testimony. We note that the burden was upon Jackson Tube Service to prove that the repair could not have occurred without having an employee work under a heavy suspended load with no protection. Jackson Tube Service clearly failed to carry that burden of proof before the commission.

{¶ 8} The objections to the magistrate's decision are overruled. The findings of fact and conclusions of law are adopted as supplemented by our comments above. The request for a writ of mandamus is denied.

*Objections overruled; writ denied.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Jackson Tube Service, Inc., | : | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No. 16AP-351 |
| | : | |
| Industrial Commission of Ohio<br>and<br>Chad M. Thompson, | | (REGULAR CALENDAR) |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on November 21, 2016

*Coolidge Wall Co., L.P.A., David C. Korte, Michelle D. Bach,* and *Joshua R. Lounsbury,* for relator.

*Michael DeWine,* Attorney General, *Eric J. Tarbox,* and *Cheryl J. Nester,* for respondent Industrial Commission of Ohio.

*Hochman & Plunkett Co., L.P.A., Gary D. Plunkett,* and *Daniel J. O'Brien,* for respondent Chad M. Thompson.

### IN MANDAMUS

{¶ 9} Relator, Jackson Tube Service, Inc., has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order finding a violation of a specific safety requirement

("VSSR") as it related to the work-related injury of respondent Chad M. Thompson ("claimant") and ordering the commission to find that claimant is not entitled to an additional award for VSSR.

Findings of Fact:

{¶ 10} 1. Claimant sustained a work-related injury on November 18, 2009, and his workers' compensation claim has been allowed for the following conditions: "bilateral femur fracture; right femoral shaft nonunion."

{¶ 11} 2. Claimant was employed as an industrial electrician in the maintenance department of relator and was injured when, while in the process of installing a flywheel, the strap holding the flywheel broke and fell on top of claimant.

{¶ 12} 3. Claimant filed an application for an additional award for VSSR and, following a hearing before a staff hearing officer ("SHO") on October 23, 2012, the commission determined that relator violated Ohio Adm.Code 4123:1-5-15(D), which provides:

> Employees shall not be required to work or pass under suspended loads, nor shall the crane operator be required to carry a suspended load over employees.

{¶ 13} At the hearing, relator conceded that claimant had been required to work under a suspended load; however, relator argued there was no other way to install the flywheel except to require that claimant work under the suspended load. In rejecting relator's argument, the SHO relied on claimant's testimony, stating:

> [T]he Injured Worker himself responded succinctly that "There's a different way to do it if you look at the scope of the thing. It's my understanding that there is a fixture for that application that's offered by the manufacturer, and that was only noted after the accident when we had gone back and taken a look." The Injured Worker explained on page 84 of the transcript that the fixture is a device somewhat like safety jacks that they put under cars when they jack cars up.

{¶ 14} 4. Relator filed a motion requesting a hearing based on an obvious mistake of fact or a clear mistake of law, stating:

> In finding a violation of a specific safety requirement in this case, SHO Crump relied on testimony that was not true. This constitutes an obvious mistake of fact.

> In rejecting Jackson Tube's "impossibility" defense, SHO Crump relied on Thompson's testimony, "There's a different way to do it if you look at the scope of the thing. It's my understanding that there is a fixture for that application that's offered by the manufacturer, and that was only noted after the accident when we had gone back and taken a look." SHO Crump stated in his Order, "The Injured Worker explained on page 84 of the transcript that the fixture is a device somewhat like safety jacks that they put under cars when they jack cars up." As noted above, however, this testimony is false. No such fixture exists. Therefore, SHO Crump's rejection of Jackson Tube's "impossibility" defense constitutes a clear mistake of law.

(Emphasis sic.)

{¶ 15} In support of its assertion that claimant's testimony that there was an alternate way to perform the task he was performing when he was injured, relator attached an affidavit from Ron Kimrey who was employed by relator as a maintenance manager. According to Kimrey's affidavit, he contacted an engineer for the manufacturer who verified that the manufacturer does not manufacture nor provide a device or mechanism to assist in removing or replacing the flywheel. Specifically, Kimrey averred:

> [Nine] Thermatool's engineer, Dan Lungo, has now verified that Thermatool does not manufacture or provide a device or mechanism to assist in removing or replacing the flywheel on the Cut Off Machine used at Jackson Tube.
>
> [Ten] Thermatool's engineer, Dan Lungo, has also now indicated that he is not aware of any device or mechanism designed to assist in removing or replacing the flywheel on the Cut Off Machine used at Jackson Tube, which challenges the statement regarding same that was made by Mr. Thompson at the VSSR hearing on October 23, 2012, and upon which SHO Crump specifically relied in finding that a VSSR had occurred.
>
> [Eleven] After receiving Mr. Crump's Order, I again contacted Thermatool's engineer, Dan Lungo, who suggested that the only way to replace the flywheel on the Cut Off Machine without using a crane and sling is to unbolt the machine from the floor and use heavy machinery to tilt the machine onto a 45 degree angle.

[Twelve] In order to use the procedure suggested by Mr. Lungo, a device would have to be used to support the machine at a 45 degree angle. After researching for the availability of such a device, I can state that no such device exists.

[Thirteen] Since Mr. Thompson's injury, Jackson Tube has constructed a device to potentially assist in the replacement of the flywheel, but the device is untested, did not exist at the time of Mr. Thompson's injury, and was not designed by engineers with experience in the field. Further, when using the new device, employees will still have to work under a suspended load.

[Fourteen] Thermatool has now redesigned the Cut Off Machine so that the flywheel does not need to be removed when repairing the clutch on the redesigned model.

{¶ 16} 5. In an order mailed March 9, 2013, relator's motion for rehearing was denied:

It is hereby ordered that the Motion for Rehearing filed 01/16/2013 be denied. The Employer has not submitted any new and relevant evidence nor shown that the order of 10/23/2012 was based on an obvious mistake of fact or on a clear mistake of law.

It is found that counsel for the Employer primarily argues that the order dated 10/23/2012 was based on an obvious mistake of fact and a clear mistake of law, in regard to the Staff Hearing Officer's reliance on testimony of the Injured Worker at hearing that an alternative way to support the flywheel was available or possible. While there was contrary evidence at hearing, an "obvious mistake or fact" is not shown when the Staff Hearing Officer relies on one item of evidence or testimony which is not consistent with evidence or testimony presented by the opposing party.

As it is found that the requirements of Ohio Admin. Code 4121-3-20(E)(1)(a) or (b) have not been met, the request for a VSSR rehearing must be denied.

{¶ 17} 6. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 18} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 19} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 21} In order to establish a VSSR, a claimant must prove that: (1) there exists an applicable and specific safety requirement in effect at the time of the injury; (2) the employer failed to comply with the requirements; and (3) the failure to comply was the proximate cause of the injury in question. *State ex rel. Trydle v. Indus. Comm.*, 32 Ohio St.2d 257 (1972).

{¶ 22} The interpretation of a specific safety requirement is within the final jurisdiction of the commission. *State ex rel. Berry v. Indus. Comm.*, 4 Ohio St.3d 193 (1983). Because a VSSR is a penalty, however, it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. *State ex rel. Burton v. Indus. Comm.*, 46 Ohio St.3d 170 (1989). The question of whether an injury was caused by an employer's failure to satisfy a specific safety requirement is a question of fact to be decided by the

commission subject only to the abuse of discretion test. *Trydle*; *State ex rel. A-F Industries v. Indus. Comm.*, 26 Ohio St.3d 136 (1986); *State ex rel. Ish v. Indus. Comm.*, 19 Ohio St.3d 28 (1985).

{¶ 23} As noted in the findings of fact, relator essentially conceded that claimant had been required to work under a suspended load. Relator asserted that, pursuant to *State ex rel. Harris v. Indus. Comm.*, 12 Ohio St.3d 152 (1984), an employer should not be liable for a VSSR where compliance with the specific safety requirement is impossible. Relator argues that its evidence conclusively proved there was no way to avoid placing claimant under the suspended load.

{¶ 24} At the hearing before the SHO, claimant testified that it was his understanding there was a fixture offered by the manufacturer which would help support the flywheel while it was being reinstalled. At the hearing, relator did not offer any evidence contrary to claimant's testimony. It was not until relator filed its motion for rehearing that relator asserted that the manufacturer did not have a fixture such as that described by claimant. Relator has not asserted that claimant intentionally presented false testimony, only that his testimony was inaccurate. In an effort to demonstrate that claimant's testimony was inaccurate, relator has submitted an affidavit from its own employee averring that he spoke with an engineer at the manufacturer who informed him there was no such fixture. The reality is that the evidence relator now presents is qualitatively no better than the evidence presented by claimant and, contrary to relator's argument, the affidavit from its own employee does not conclusively prove that it was impossible to not require claimant to have been working under a suspended load.

{¶ 25} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it determined that relator failed to establish that there was a clear mistake of fact or law when it determined that claimant was entitled to an additional award for VSSR, and this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).