OPINION
{¶ 1} Appellant Joel Mitchell appeals from the grant of legal custody of Christian Mitchell, appellant's child, to the child's maternal grandmother, appellee Tonia Bowman. Cross-appellant Isa Arnett also appeals from the trial court's decision.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This matter began on January 8, 2004, when Christian Mitchell's paternal grandmother, Isa Arnett, filed a complaint for custody of Christian. In that complaint, Arnett alleged that the parents of the child, Joel Mitchell (Arnett's son) and Melissa Bowman, were both unsuitable parents due to their "habits and faults." Arnett submitted that it was in Christian's best interest that he be placed in Arnett's care. On February 27, 2004, appellant Joel Mitchell filed a cross complaint for custody of Christian.
 {¶ 3} A pretrial hearing was held on February 24, 2004. Temporary custody of Christian was given to Christian's mother, Melissa Bowman. Appellant and Arnett were awarded temporary visitation to be conducted at Arnett's home.
 {¶ 4} On March 23, 2004, appellant filed a motion for emergency custody. On March 26, 2004, Arnett filed a motion for custody and motion for alternative relief. In the alternative, Arnett asserted that if custody were not awarded to her, she joined appellant in his motion for custody of Christian on the condition that both appellant and Christian reside in her residence, under her supervision and guidance. The motions were heard at a hearing conducted on May 17, 2004. As a result, appellant was awarded emergency temporary custody of Christian, as long as appellant lived in Arnett's residence.
 {¶ 5} On June 16, 2004, appellee Tonia Bowman, the maternal grandmother, filed a motion to join and a request for allocation of parental rights and responsibilities. A pretrial hearing was held on June 23, 2004. A hearing on the competing motions was held on October 26, 2004. By a November 1, 2004, Judgment Entry, appellee was awarded legal custody of Christian. Corresponding Findings of Fact and Conclusions of Law were filed on December 13, 2004.
 {¶ 6} It is from the November 1, 2004, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT WAS AN UNFIT PARENT WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.
 {¶ 8} "II. THE TRIAL COURT ERRED IN GRANTING THE MATERNAL GRANDMOTHER LEGAL CUSTODY AS IT WAS NOT IN THE BEST INTEREST OF THE CHILD AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION."
 {¶ 9} Isa Arnett filed a cross appeal. In the cross appeal, Arnett raises the following cross assignments of error:
 {¶ 10} "I. THE AWARD OF CUSTODY TO THE MATERNAL GRANDMOTHER WAS NOT SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE.
 {¶ 11} "II. THE PLACEMENT OF CHRISTIAN MITCHELL INTO THE CUSTODY OF HIS MATERNAL GRANDMOTHER WAS AN ABUSE OF DISCRETION AND CONTRARY TO THE BEST INTEREST OF THE CHILD."
 I {¶ 12} In the first assignment of error, appellant contends that the trial court's finding that he was an unfit parent is against the manifest weight of the evidence and an abuse of discretion. We disagree.
 {¶ 13} The trial court judgment under review involves the issue of child custody. The basic standard of review of a trial court's decision regarding child custody is whether the trial court abused its discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 550 N.E.2d 178, syllabus. "A child-custody decision that is supported by a substantial amount of competent and credible evidence will not be reversed on appeal absent an abuse of discretion." Myers v. Myers, 153 Ohio App.3d 243,2003-Ohio-3552, 792 N.E.2d 770, ¶ 43. An abuse of discretion constitutes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. In applying the abuse-of-discretion standard, appellate courts are admonished that they are not to substitute their judgment for that of the trial court. See State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 14} The Ohio Supreme Court addressed the issue of when a trial court may award custody of a child to a nonparent in In rePerales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047. In Perales,
the Supreme Court held as follows:
 {¶ 15} "In [a] child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id. at syllabus; See also, In re Hockstock, 98 Ohio St.3d 238, 2002-Ohio-7208,781 N.E.2d 971.
 {¶ 16} In this case, the trial court found appellant to be an unfit parent. The trial court based that conclusion upon its following findings in its Judgment Entry:
 {¶ 17} ". . . The father, along with the mother, has a history of drug abuse and is seeking some treatment. However, the father has not had a completely clean re-habilitation and at best has been clean only for the past four to six weeks, and the results of the most recent drug screen has [sic] not been received. The father has not held a meaningful, full time job for the past eighteen months and appears to be content to live off of his mother, as he has done for all of the approximate 26 years of his life. But for the good graces of his mother, the father [appellant] would be as homeless as the mother. Due to the above conditions the father is found to be an unfit parent." Judgment Entry, Nov. 1, 2004.
 {¶ 18} The trial court supplemented those findings pursuant to a request for written findings of fact and conclusions of law. Those additional, relevant findings and conclusions are as follows:
 {¶ 19} "3. By an entry filed May 26, 2004, this Court awarded custody to the father, Joel Mitchell. There being neither sufficient evidence nor a request that was actionable for custody upon the part of anyone other then the parents for custody of the child.
 {¶ 20} "4. The father as [sic] continued to rely upon his mother for his support as well as the support of his son.
 {¶ 21} "5. The father shows no evidence of a desire to support himself.
 {¶ 22} "6. Neither parent has evidenced any desire to rehabilitate themselves from their drug addictions."
 {¶ 23} Appellant contends that the trial court abused its discretion for the following reasons. First, pursuant to a prior court order, appellant was ordered to live with his mother if he wanted to continue to have custody of his son. Therefore, appellant argues that the fact that he lives with his mother should not be held against him. Second, appellant points out that while he may not have held employment, he used his time to battle his drug problems. Third, appellant points out that he has had temporary custody of Christian throughout these proceedings.
 {¶ 24} Upon review of the record, we find that the trial court did not abuse its discretion when it concluded that appellant was an unfit parent. There may have been reasons why appellant lived with his mother and did not have a job. Appellant may have made some progress in his drug abuse problems. However, it does not change the ultimate conclusion that appellant is not capable of supporting or caring for the child. First, on his own, appellant would have no means of support for this child. At this point in time, appellant has only worked odd jobs and previously left another job after just one month. Appellant lives in his mother's basement and shares his room with Christian. Appellant has no place to live, other than his mother's house. Second, while appellant has made progress in his drug treatment process, he has not demonstrated a long term ability to avoid the use of illegal drugs. Appellant admitted to being addicted to drugs.[1] Appellant began drug rehabilitation in March, 2004. Between that time and the time of the hearing, October, 2004, appellant had tested positive for marijuana and used oxycontin sometime during the summer of 2004. Evidence showed that appellant's prognosis for recovery was considered poor. Third, appellant was granted temporary custody of the child based upon the condition that appellant live with his mother. However, the trial court did so only because there was "neither sufficient evidence nor a request that was actionable for custody upon the part of anyone other then [sic] the parents for custody of the child." Journal Entry, filed December 15, 2004. Further, in awarding custody to appellee, the trial court found that appellant has continued to rely upon his mother, Arnett, for his support as well as the support of his son. Thus, even though the trial court granted appellant temporary custody, the trial court recognized that appellant was not capable of caring for the child alone.
 {¶ 25} For the foregoing reasons, we find that the trial court did not abuse its discretion when it found that the preponderance of the evidence showed appellant to be an unfit parent. Appellant's first assignment of error is overruled.
 II {¶ 26} In the second assignment of error, appellant contends that the trial court erred in granting appellee, the child's maternal grandmother, custody of Christian because the grant was not in the best interest of the child, was against the manifest weight of the evidence and was an abuse of discretion. In the cross assignments of error, cross-appellant Isa Arnett, the child's paternal grandmother, contends that the award of custody to appellee was not supported by a preponderance of the evidence, constituted an abuse of discretion and was not in the best interest of the child.[2] We will consider these assignments of error together.
 {¶ 27} As addressed in assignment of error I, the standard of review of a trial court's decision regarding child custody is whether the court abused its discretion. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus. "A child-custody decision that is supported by a substantial amount of competent and credible evidence will not be reversed on appeal absent an abuse of discretion." Myers v. Myers,153 Ohio App.3d 243, 2003-Ohio-3552, 792 N.E.2d 770, ¶ 43. An abuse of discretion constitutes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In applying the abuse-of-discretion standard, appellate courts are admonished that they are not to substitute their judgment for that of the trial court. See Stateex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 28} Essentially, appellant and cross-appellant contend that the trial court should not have uprooted the child. Cross-appellant argues that she should have been awarded legal custody of Christian. Both appellant and cross-appellant point to testimony by the guardian ad litem and cross-appellant Isa Arnett that showed that the child's placement with appellant and Arnett was appropriate and that the child was doing well in that placement. Appellant argues that it was in the best interest of the child to stay with appellant or, in the alternative, to be placed with cross-appellant Arnett. In either case, appellant and cross-appellant contend that the child should have remained in what the evidence showed was a loving, stable environment.
 {¶ 29} The trial court awarded appellee legal custody of Christian, making the following findings and conclusions:
 {¶ 30} "7. Granting custody of the child to the paternal grandmother would be no different then granting custody to the father.
 {¶ 31} "8. This Court finds that most, if not all, contact of the maternal side of the family would effectively be cut off by a grant of custody to the paternal side of the family. This Court does not believe that the converse will be the case.
 {¶ 32} "9. This Court further finds that granting custody to the child's maternal grandmother will incent both parents to work toward an eventual reunification with the child while the placing the child with the paternal grandmother will only solidify thestatus quo.
 {¶ 33} "10. This Court further finds that the maternal grandmother will be more conducive to facilitating visitations with the other parent and his family.
 {¶ 34} "11. That both parents should be afforded the opportunity of evidencing to this Court that they can provide for the financial well being of the child by paying child support.
 {¶ 35} "12. This Court would note that the child has two equally loving and caring grandparents, on the maternal and paternal sides, and would be well nurtured, cared for, and will be equally safe, in either grandmothers [sic] custody, but that the above . . . factors outweigh one last move of the childs [sic] home." (Emphasis original.)
 {¶ 36} A review of the record shows that both grandparents were extremely interested in Christian's well being. The trial court was faced with what appears from a cold transcript to be a difficult decision. The record shows that while both appellee and cross-appellant contended that each of them would be the better placement for Christian, there was evidence to show that Christian would be well cared for and loved in either home.
 {¶ 37} However, the trial court had to make a decision based on the evidence before it and the exercise of its best judgment. We find no abuse of discretion in the exercise of that judgment. Appellee testified about incidents in which appellant and cross-appellant denied appellee access to Christian. Although cross-appellant interrupted the testimony to deny this claim, appellee's testimony constituted evidence from which the trial court could conclude that cross-appellant might cut off contact with appellee's side of the family. Appellee testified that when Christian was living in her home in the past, she took Christian to visit appellant and cross-appellant, let appellant and cross-appellant have extra time with Christian and let Christian stay over night even when it was not appellant's night to see Christian. She thought it was important for appellant's side of the family to have visitation with Christian. Thus, there was evidence from which the trial court could conclude that appellee would be more conducive to visitation between the parties. Further, at Arnett's house, Christian and appellant, the father, share a bedroom in the basement. Thus, there was a factual basis from which the trial court could conclude that the grant of custody to cross-appellant, Arnett, would be essentially the same as a grant of custody to appellant and appellant had been found to be an unfit parent.
 {¶ 38} In reviewing such decisions as this one, this court must apply the abuse of discretion standard. It may not substitute its own judgment for that of the trial court. Applying that standard, this court cannot say that the trial court's decision was arbitrary, unreasonable or unconscionable.
 {¶ 39} Accordingly, appellant's second assignment of error and both of appellant's cross assignments of error are overruled.
 {¶ 40} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.
By: Edwards, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Juvenile Court is affirmed. Costs assessed 50% to appellant and 50% to cross-appellant.
[1] Evidence showed that appellant began using opiates at the age of 6 or 7. He began to use heroin at the age of 12. Subsequently, opiates became appellant's drug of choice. Tr. at 1791-80. Tr. at 180.
[2] Cross-appellant Arnett's notice of cross appeal appears to have been untimely filed. However, we will address Arnett's cross assignments of error because Arnett's assignments of error raise the same issues as appellant's second assignment of error.