OPINION
{¶ 1} Appellant Jeffrey Kager appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which modified its prior order of visitation with their daughter and awarded the tax exemption for her to appellee Kathy Kager. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN MODIFYING APPELLANT'S COMPANIONSHIP TIME WITH HIS DAUGHTER.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S 60(B) MOTION AND REALLOCATING THE TAX EXEMPTION WITH RESPECT TO THE PARTIES' DAUGHTER TO APPELLEE."
 {¶ 4} The record indicates the parties were divorced in 1998, and have a son and a daughter who are now teenagers. Both had resided with appellee, but in February 2005, the trial court modified its prior order and named appellant the residential parent of the parties' son, then age 17. The trial court reduced appellant's child support obligation accordingly. The court's original order had awarded the tax exemptions for both children to appellant, and the court made no mention of the tax exemptions in its February order.
 {¶ 5} In May of 2005, appellee moved to modify appellant's companionship with the parties' daughter, then 13 years old. The prior order gave appellant six weeks companionship with their daughter in the summer. Appellee sought to have appellant's companionship with their daughter reduced to three weeks, and also filed a Civ. R. 60 (B) motion for a new hearing on the tax exemption issue. The matter was referred to a magistrate, who conducted a hearing. The magistrate ruled it was in the daughter's best interest to reduce her summer visitation with appellant from six weeks to three weeks. During the three week visitation, the daughter was to be with appellee while appellant is at work. Appellant objected to the magistrate's decision, but the trial court overruled the objection and adopted the magistrate's decision as its own. The court also sustained appellee's motion pursuant to Civ. R. 60 (B), and awarded the tax exemption for the parties' daughter to appellee.
 I. {¶ 6} Both appellant's assignments of error allege the trial court abused its discretion and/or erred as a matter of law. In general, the Supreme Court has directed us to apply the abuse of discretion standard to the trial court's determinations in domestic relations cases, Booth v. Booth (1989),44 Ohio St. 3d 142.
 {¶ 7} In Glassner v. Glassner, Stark App. No. 2005-CA00137,2006-Ohio-514, this court applied the abuse of discretion standard in reviewing a trial court's allocation of dependency tax exemption. In the case of In Re: Christian Mitchell,
Guernsey App. No. 05CA01, 2006-Ohio-632, this court applied the abuse of discretion standard to visitation issues. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Booth at 144, citations deleted.
 {¶ 8} The magistrate's decision noted the guardian ad litem recommended reduced visitation because the child did not really want six weeks. It appears the child had activities scheduled during at least part of the time. The magistrate also reviewed a report from Patricia Millsaps-Linger, Ph.D, who stated six weeks of summer companionship was not necessarily in the child's best interest. The doctor stated the appellant would not tolerate any excuses for lack of contact, and for this reason, the doctor recommended appellant have six weeks visitation. Otherwise, she warned, if appellant did not receive his time with the daughter, appellant would subject the child to pressure and stress.
 {¶ 9} The magistrate stated he was aghast that professionals are willing to allow a party to force the visitation issue. The magistrate found it was tantamount to extortion for a party to threaten abuse of an emotional nature to a child in order to secure visitation.
 {¶ 10} R.C. 3109 governs modification of visitation rights, see Braatz v. Braatz (1999), 85 Ohio St. 3d 40,703 N.E. 2d 1218. R.C. 3109.05 sets forth sixteen factors which the court must consider. Neither the magistrate nor the trial court referred to any specific factor, but certainly the court's findings correspond to some of the factors listed in the statute.
 {¶ 11} The third factor is the child's and parent's available time including but not limited to each parent's employment schedule, the child's school schedule, and the child's and parent's holiday and vacation schedules. Factor number nine is the mental and physical health of all the parties. Factor number ten is each parent's willingness to re-schedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to the person who requested companionship or visitation, the person's willingness to re-schedule missed visitation.
 {¶ 12} Appellant's objection to the magistrate's decision cited his wish to re-build a relationship with the child. The appellant also objected because the child was to remain with appellee during the time appellant was at work, and he felt this deprived appellant's extended family opportunities to be with the child. These objections deal with factor number one of R.C.3109.05 (D). Finally, the objections note because her brother is in appellant's custody, reducing the time with appellant deprives the child of the brother's companionship, which is factor number eight. Thus, appellant specifically brought to the court's attention other relevant factors. Nevertheless, the court found the child's best interest was served by modifying the visitation order.
 {¶ 13} We have reviewed the record, and we find the trial court did not abuse its discretion or err as a matter of law in modifying the companionship and visitation order.
 {¶ 14} The first assignment of error is overruled.
 II. {¶ 15} Appellant argues the income tax deduction issue was not raised before the court and was not addressed in the court's order of February 15, 2005. Appellant states the court's order awarding him the income tax exemption for both children was unchanged. Appellee did not appeal the trial court's order, but instead brought the issue to the trial court's attention in her motion for relief from judgment.
 {¶ 16} Civ. R. 60 (B) states in pertinent part:
 {¶ 17} On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 18} In the seminal case of GTE Automatic Electric Companyv. ARC Industries, Inc. (1976), 47 Ohio St. 2d 146, the Ohio Supreme Court held to prevail on a motion for relief from judgment brought pursuant to Civ. R. 60 (B), the movant must show the party has a meritorious defense or claim to present if relief is granted; the party is entitled to relief under one of the grounds stated in the rules; and the motion is made within a reasonable time.
 {¶ 19} R.C. 3119.82 states the court must consider the issue of the tax exemption whenever it modifies, reviews, or otherwise considers a child support order. Thus, even if neither party brought the issue to the trial court's attention, it nevertheless should have been a part of the February 15, 2005 judgment entry. Thus we reject appellant's argument it was appellee's responsibility to raise the issue in the trial court.
 {¶ 20} In the alternative, the court could have reached the same result by treating the Civ. R. 60(B) motion as a new motion to modify. From any perspective, the court should have considered the income tax issue in its February order, and it was not error for the court to correct the oversight in its July order.
 {¶ 21} Appellant also argues the court abused its discretion when it changed the tax exemption for the parties' daughter to appellee.
 {¶ 22} The trial court stated it had analyzed the material and found the tax savings was similar both for appellant and appellee. The court found because the split custody order had reduced the income in appellee's household, it would be in the child's best interest for appellee to be granted the exemption, which would bring a tax savings directly into the home where the child primarily lives.
 {¶ 23} Our review of the record indicates the trial court did not abuse its discretion in modifying its order regarding the tax exemptions.
 {¶ 24} The second assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.