[Cite as *Didonato v. Didonato*, 2016-Ohio-7770.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHEN J. DIDONATO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2016AP040022 |
| CHRISTINA HUTH DIDONATO | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court
of Common Pleas, Case No.
2013 TC 07 0288

JUDGMENT:     Affirmed.

DATE OF JUDGMENT ENTRY:     November 15, 2016

APPEARANCES:

For Plaintiff-Appellee

PAUL HERVEY
Fitzpatrick, Zimmerman
& Rose Co., L.P.A.
P.O. Box 1014
New Philadelphia, Ohio 44663

For Defendant-Appellant

MICHELA HUTH
PO Box 17
Bolivar, Ohio 44612

*Gwin, P.J.,*

{¶1}   Appellant appeals the March 17, 2016 judgment entry of the Tuscarawas County Court of Common Pleas granting appellee's motion for definitive order of allocation of tax exemptions.

*Facts & Procedural History*

{¶2}   On April 8, 2014, appellant Christina DiDonato ("Mother") and appellee Stephen DiDonato ("Father") were granted a divorce pursuant to an agreed judgment entry.  The parties agreed Mother would be the sole residential and legal custodian of the children, subject to visitation and parenting rights of Father.  The parties further agreed Mother would be entitled to claim one of the parties' children for tax purposes, and Father would claim the other child.  Once the eldest child could no longer be claimed as an exemption, the exemption for the younger child would alternate between the parties.

{¶3}   Shortly after the parties filed the agreed entry, Father filed a motion to modify parental rights and responsibilities.  On July 22, 2015, the trial court granted Father's motion to modify and designated Father as the residential parent and legal custodian of the two children.  The trial court also ordered Mother to pay child support. The trial court did not mention the tax exemptions in its July 22, 2015 judgment entry.

{¶4}   Mother appealed the trial court's decision to this Court.  We affirmed the trial court's decision on April 11, 2016 in *DiDonato v. DiDonato*, 5th Dist. Tuscarawas Nos. 2015 AP 07 0042, 2015 AP 09 0051, 2016-Ohio-1511.  Father did not file an appeal or cross-appeal from the trial court's July 22, 2015 judgment entry.

{¶5}   On February 5, 2016, Father filed a motion for definitive order of allocation of tax exemptions.  Father argued that, pursuant to R.C. 3119.82, when issuing a child

support order as was issued in the July 22, 2015 judgment entry, the trial court was required to designate the parent who is to claim each child for federal tax purposes. On February 8, 2016, Mother filed an opposition to Father's motion, arguing the parties agreed entry governs the tax exemptions as Father failed to appeal the July 22, 2015 judgment entry.

{¶6} The trial court issued a judgment entry on March 17, 2016 granting Father's motion. The trial court stated that, pursuant to the language contained in R.C. 3119.82, it should have designated which parent may claim each child for tax exemption purposes in its July 22, 2015 judgment entry as it changed the residential parent to Father and ordered Mother to pay child support. The trial court further found it is in the best interest of the children for Father to claim both of the children as dependents and found Father may claim both children for tax exemption purposes.

{¶7} Mother appeals the March 17, 2016 judgment entry of the Tuscarawas County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE STEPHEN DIDONATO'S FEBRUARY 5, 2016 MOTION FOR DEFINITIVE ORDER OF ALLOCATION OF TAX EXEMPTION.

{¶9} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED THAT APPELLEE STEPHEN DIDONATO IS ENTITLED TO CLAIM BOTH OF THE PARTIES' MINOR CHILDREN FOR FEDERAL INCOME TAX PURPOSES."

I & II

**{¶10}** Because Mother's assignments of error raise related issues, we shall address them together.

**{¶11}** R.C. 3119.82 provides, in pertinent part:

Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes. * * * If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax

credit, and any other relevant factor concerning the best interest of the children.

**{¶12}** Mother first contends since the income tax deduction issue was not included in the trial court's July 22, 2015 judgment entry and because Father did not appeal the July 22, 2015 judgment entry, the trial court could not allocate the tax exemptions in the March 17, 2016 judgment entry. Father did not appeal the trial court's July 22, 2015 judgment entry, but instead brought the issue to the trial court's attention via motion.

**{¶13}** This Court has previously addressed the issue of whether a trial court can consider the issue of a tax exemption by motion of a party in order to correct an oversight of leaving out the income tax allocation in a previous entry modifying child support in *Kager v. Kager*, 5th Dist. Stark No. 2005CA00208, 2006-Ohio-2427. We stated as follows:

> R.C. 3119.82 states the court must consider the issue of the tax exemption whenever it modifies, reviews, or otherwise considers a child support order. Thus, even if neither party brought the issue to the trial court's attention, it nevertheless should have been a part of the February 15, 2005 judgment entry. Thus, we reject appellant's argument it was appellee's responsibility to raise the issue in the trial court. In the alternative, the court could have reached the same result by treating the Civ.R. 60(B) motion as a new motion to modify. From any perspective, the court should have considered the income tax issue in its February order, and it was not error for the court to correct the oversight in its July order.

**{¶14}** Like in the *Kager* case, in this case, in its July 22, 2015 judgment entry, the trial court modified child support. Thus, pursuant to the mandatory word "shall" contained in R.C. 3119.82, the trial court was required to designate which parent would receive the tax exemptions. *Id.; Fisher v. Fisher*, 3rd Dist. Henry No. 7-05-03, 2005-Ohio-5615. It is clear that the trial court did not allocate the tax exemptions in the July 22, 2015 entry pursuant to R.C. 3119.82. Therefore, the trial court did not exceed its discretion in correcting its oversight in its March 17, 2016 order after a motion was filed by Father. In the alternative, the trial court could have treated Father's motion as a new motion to modify.

**{¶15}** Further, as to Mother's argument that the prior agreement controls, R.C. 3119.82 requires the trial court to designate which parent receives the exemptions when it modified the child support order from the previous agreement, which it did via the July 22, 2015 judgment entry when it changed the child support order and appointed Father the residential parent. Additionally, we have previously held, with regards to R.C. 3119.82, that the determination of the best interest of the child is not to be limited by a prior agreement or previous allocation. *Piciacchia v. Piciacchia*, 5th Dist. Stark No. 2006CA00286, 2007-Ohio-2328.

**{¶16}** Mother also argues the trial court erred in allocating the tax exemptions for the minor children to Father because the evidence does not support the trial court's determination.

**{¶17}** We review a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard. *Hughes v. Hughes*, 35 Ohio St.3d 15, 518 N.E.2d 1213 (1988). Thus, pursuant to *Blakemore v. Blakemore*, we must determine whether

the trial court's decision in awarding the tax exemptions to Father was arbitrary, unconscionable, or unreasonable, and not merely an error of law or judgment. 5 Ohio St.3d 217, 450 N.E.2d 1140 (1989). However, this discretion is both limited and guided by R.C. 3119.82. Thus, if the trial court allocates the tax exemptions to the non-custodial parent, it must find the interest of the child has been furthered and must consider any relevant factor concerning the best interest of the child in making such a decision. *Doyle v. Metzer*, 5th Dist. Stark No. 2015CA00002, 2015-Ohio-3738.

**{¶18}** In this case, the trial court specifically found in its judgment entry that Father is now the residential parent and legal custodian of the children and thus is entitled to claim the child for tax purposes. Further, that allocating the tax exemptions to Father was in the best interest of the children. Pursuant to R.C. 3119.82, the custodial parent is presumed to be entitled to claim the minor children for income tax purposes. In this case, the trial court concluded Father was entitled to the tax exemptions because he was both the residential parent and because it was in the best interest of the children. Our review of the record indicates the trial court's conclusion was not arbitrary, unconscionable, or unreasonable. Accordingly, we find the trial court did not abuse its discretion in allocating the tax exemptions to Father. See *Schaefer v. Schaefer*, 5th Dist. Stark No. 2007CA00283, 2008-Ohio-3960.

{¶19} Based on the foregoing, we overrule Mother's assignments of error. The March 17, 2016 judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.


By: Gwin, P.J. and

Baldwin, J. concur;

Hoffman, J., concurs in part;

dissents in part

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. CRAIG R. BALDWIN

*Hoffman, J., concurring in part and dissenting in part*

**{¶20}** As it pertains to Mother's second assignment of error, I agree with the majority the trial court's award of the tax exemptions to Father would not have been an abuse of discretion [had it done so in its July 22, 2015 judgment]. However, I respectfully disagree with the majority's decision to overrule Mother's first assignment of error.

**{¶21}** The majority relies primarily on this Court's prior opinion in *Kager v. Kager*, 5th Dist. Stark No. 2005CA00208, 2006-Ohio-2427.[1] I find *Kager* significantly different procedurally.

**{¶22}** In *Kager*, the appellee filed a Civ.R. 60(B) motion to vacate the trial court's decision and, if granted, add a designation for allocation of tax exemptions which was absent from its earlier order modifying child support. I find a distinct conceptual difference between a motion to vacate a judgment and a post-judgment motion to correct an error in that judgment. The latter motion does not vacate the original judgment. The original judgment remains law of the case unless changed on appeal or vacated. Neither occurred in this case.

**{¶23}** The majority finds, in the alternative, the trial court could have reached the same result by treating Father's motion as a new motion to modify, similar to the reasoning of the *Kager* Court. However, the statute requires a new motion to modify child support, not merely a motion to modify the allocation of tax exemptions. Father's motion herein was not a motion to modify child support.

**{¶24}** Given the fact the trial court modified the existing child support order in its July 22, 2015 Judgment Entry, it had not only the authority, but also the duty to designate

---

[1] I did not participate in the *Kager* decision.

the allocation of tax exemptions for the children. It committed error in failing to do so [and acknowledged its error in the March 17, 2016 Judgment Entry].[2]

{¶25} The trial court's failure to fulfil its duty under the statue constituted reversible error. While Mother appealed the trial court's July 22, 2015 Judgment Entry, Father did not. Having failed to do so, I find the principle of law of the case and/or res judicata precludes the trial court from reallocating the tax exemption unless and until it modifies, reviews, or otherwise reconsiders a child support order in this case in the future.

{¶26} I would sustain Mother's first assignment of error and reverse the judgment of the trial court.

---

[2] While not argued in his brief, an argument could be made based upon the presumption of regularity. The trial court was aware it had the authority under R.C. 3119.82 to modify the Agreed Entry relative to the allocation of the tax exemption, but decided, **at that time [July 22, 2015],** not to do so. Under the presumption of regularity, by not expressly changing the preexisting designation, it would be presumed it intended to keep them the same.