[Cite as *DiDonato v. DiDonato*, 2019-Ohio-2994.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHEN J. DIDONATO, et al. | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiffs-Appellees | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 AP 01 0008 |
| CHRISTINA HUTH DIDONATO | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  2013 TC 07 0288

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     July 25, 2019

APPEARANCES:

For Plaintiff-Appellee DiDonato            For Defendant-Appellant

ROBERT C. URBAN, JR.                 MICHELA HUTH
JOHNSON, UNBAN & RANGE CO. LPA        P. O. Box 17
117 South Broadway                   Bolivar, Ohio  44612
New Philadelphia, Ohio  44663

For Intervenor-Appellee CSEA

DEBORAH L. EASTERDAY
TRACI A. BERRY
TUSCARAWAS COUNTY CSEA
154 2ND Street, NE
New Philadelphia, Ohio  44663

*Wise, John, P. J.*

{¶1}    Appellant Christina Huth DiDonato appeals from the decision of the Court of Common Pleas, Tuscarawas County, adopting an administrative modification of child support rendered by Appellee Tuscarawas County Child Support Enforcement Agency. Appellee Stephen DiDonato, appellant's former spouse, is the obligee for child support purposes. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant Christina Huth DiDonato and Appellee Stephen DiDonato were married in September 2001 in Florida. They are the parents of two minor children: D.D., born in 2004, and P.D., in 2007.

{¶3}    On April 8, 2014, the parties were granted a divorce pursuant to an agreed entry in the Tuscarawas County Court of Common Pleas. Appellant Christina was designated the sole residential parent and legal custodian of the two children, subject to visitation and parenting rights of Appellee Stephen.

{¶4}    However, just one month later, on May 7, 2014, appellee filed a motion to modify parental rights and responsibilities, requesting that he be named the residential and legal custodian of D.D. and P.D. based upon a change in circumstances.

{¶5}    On July 22, 2015, following a lengthy period of court action, the trial court granted Appellee Stephen's motion to modify and named appellee as residential parent and legal custodian of the children. The trial court further found appellee should make all educational and medical decisions for the children. In addition, appellant was ordered to pay child support of $298.96 per month, plus processing fees.

{¶6}    Appellant Christina appealed to this Court regarding the July 22, 2015 decision to change residential parent status to appellee, as well as a clarification entry

issued by the trial court on September 2, 2015. However, on April 11, 2016, we affirmed the trial court's decisions. *See DiDonato v. DiDonato,* 5th Dist. Tuscarawas Nos. 2015 AP 07 0042, 2015 AP 09 0051, 63 N.E.3d 660, 2016-Ohio-1511.

{¶7}   In the meantime, on March 12, 2015, appellee had filed a motion for contempt regarding *inter alia* the public exchange of the children and the doctor's appointments of the children. On September 2, 2015, the trial court adopted a May 28, 2015 magistrate's decision (with some modification) finding appellant in contempt. Appellant was sentenced to sixty days in jail, suspended upon compliance with certain purge provisions. Appellant again appealed to this Court. On May 23, 2016, we affirmed the decision of the trial court regarding contempt. *See DiDonato v. DiDonato*, 5th Dist. Tuscarawas No. 2015 AP 09 0055, 66 N.E.3d 24, 2016-Ohio-3129.[1]

{¶8}   On August 17, 2018, appellant submitted a request for an administrative review of the child support order. In accordance with R.C. 3119.60, a "desk review" was scheduled for October 8, 2018. As a result of the desk review, an administrative adjustment recommendation was issued on October 10, 2018, leaving the order at $298.96 per month, finding that a 10% change had not resulted from the updated calculation.

{¶9}   Appellant objected to the "desk review" administrative adjustment recommendation. A hearing was duly scheduled before the administrative hearing officer for November 16, 2018. The hearing went forward, and the hearing officer issued his

---

[1]   The parties' discord also led to two additional appellate decisions from this Court: *DiDonato v. DiDonato*, 5th Dist. Tuscarawas No. 2015 AP 10 0058, 2016-Ohio-3164 (also decided May 23, 2016); *DiDonato v. DiDonato*, 5th Dist. Tuscarawas No. 2016AP040022, 76 N.E.3d 619, 2016-Ohio-7770 (decided November 15, 2016). In the interest of judicial economy, we will not recite the histories of these two appellate cases.

report on November 29, 2018. Pursuant to R.C. 3119.63(F), the CSEA submitted to the trial court a revised amount of child support of $338.87 per month, plus processing fees. On December 20, 2018, the trial court issued a "Judgment Entry - Modification of Support" in conformity therewith.

{¶10} On January 22, 2019, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:

{¶11} "I. THE TRIAL COURT'S DECEMBER 20, 2018 JUDGMENT IS NOT SUPPORTED BY THE ADMINISTRATIVE AGENCY'S RECORD BELOW, BECAUSE THE RECORD CONTAINS EVIDENCE THAT CHRISTINA DIDONATO WAS EMPLOYED IN 2018.

{¶12} "II. THE TRIAL COURT'S DECEMBER 20, 2018 JUDGMENT, IS NOT SUPPORTED BY THE ADMINISTRATIVE AGENCY'S RECORD BELOW, BECAUSE STEPHEN DIDONATO FAILED TO ESTABLISH THAT THE CHILD CARE EXPENSES, HE CLAIMED, WERE WORK, JOB-TRAINING, OR EDUCATION RELATED, AND THAT THE EXPENSES WERE REASONABLE AND NECESSARY.

{¶13} "III. STEPHEN J. DIDONATO FAILED TO REQUEST AN ADMINISTRATIVE ADJUSTMENT HEARING, AND THEREFORE WAIVED HIS RIGHTS TO OBJECT."

I.

{¶14} In her First Assignment of Error, appellant contends the trial court's decision modifying child support is not supported by the administrative record, particularly concerning the issue of her employment status during the year 2018.

**{¶15}** "A child support enforcement agency has the authority to investigate, obtain information, recalculate, and issue administrative orders modifying support, and the trial court retains jurisdiction to modify child support under statutes and the Rules of Civil Procedure." *Hayslip v. Hanshaw*, 4th Dist. Highland No. 15CA20, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 14, citing Sowald and Morganstern, *Baldwin's Ohio Domestic Relations Law,* Section 19:17 (4th Ed.2016). Generally, a trial court is in a much better position than an appellate court to evaluate the authenticity of evidence and assess the credibility and veracity of witnesses. *America's Floor Source, L.L.C. v. Joshua Homes*, 10th Dist. Franklin No. 09AP-1193, 191 Ohio App.3d 493, 2010-Ohio-6296, 946 N.E.2d 799, ¶ 27.

**{¶16}** The pertinent child support guideline worksheet provided in the record indicates that the administrative hearing officer imputed annual income to appellant of $17,264.00, representing $8.30 per hour, full time. Appellant presently appears to contend that her purported income as a substitute teacher should have been utilized instead.

**{¶17}** We note that R.C. 3119.63(E), as written at the times pertinent to the case *sub judice*, stated as follows:

> If the obligor or the obligee timely requests an administrative hearing on the revised child support amount, [the child support enforcement agency shall] schedule a hearing on the issue, give the obligor and obligee notice of the date, time, and location of the hearing, conduct the hearing in accordance with the rules adopted under section 3119.76 of the Revised Code, redetermine at the hearing a revised amount of child support to be paid under the court child support order, and give notice to the obligor and

obligee of the revised amount of child support, that they may request a court hearing on the revised amount, and that the agency will submit the revised amount of child support to the court for inclusion in a revised court child support order, if neither the obligor nor the obligee requests a court hearing on the revised amount of child support[.]

{¶18} Furthermore, R.C. 3119.63(F) next clearly stated: "If neither the obligor nor the obligee requests, pursuant to division (E) of this section, a court hearing on the revised amount of child support, [the child support enforcement agency shall] submit the revised amount of child support to the court for inclusion in a revised court child support order."

{¶19} In its response in the within appeal, Appellee TCCSEA asserts that its record "is devoid of any written objection to the results of the administrative adjustment hearing from either party." Brief of Appellee Tuscarawas County CSEA at 1. However, appellant disputes this, and with her reply brief has presently submitted a photocopy, *dehors* the appellate record, of what she asserts is a faxed objection to the November 29, 2018 administrative hearing officer's report sent to TCCSEA on December 19, 2018.

{¶20} R.C. 3119.65 states that "[i]f neither the obligor nor the obligee *requests a court hearing on a revised amount of child support* to be paid under a court child support order in accordance with section 3119.63 of the Revised Code, the court shall issue a revised court child support order to require the obligor to pay the revised amount of child support calculated by the child support enforcement agency." (Emphasis added).

{¶21} We observe that the purported faxed objection by appellant's counsel never appears to actually ask for a court hearing as per R.C. 3119.65. But we also observe that the "notice" section on the administrative hearing officer's report states *inter alia* that

"[u]pon receipt of written objections, CSEA shall request the Court of Tuscarawas County, Ohio, to set the matter for hearing before the Magistrate to consider the Agency's recommendations and the written objections." The notice also sets forth a 15-day deadline to object, following a party's receipt of the report.

**{¶22}** We have frequently emphasized that as an appellate court, we are not the trier of fact. *See*, *e.g.*, *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, ¶ 16, citing *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA–5758, 1982 WL 2911. Thus, under the present circumstances, we find the trial court is the proper forum in which to determine whether or not appellant has credibly documented her purported objection to the hearing officer's decision.

**{¶23}** Appellant's First Assignment of Error is sustained to the extent that a hearing will be ordered before the trial court judge or magistrate to determine if appellant has properly preserved an objection to the administrative child support adjustment under R.C. 3119.63.

II., III.

**{¶24}** Appellant's Second and Third Assignments of Error are found to be premature based on our above determination.

{¶25} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0712