[Cite as *Didonato v. Didonato*, 2020-Ohio-3332.]

wCOURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEPHEN J. DIDONATO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHRISTINA DIDONATO | : | Case No. 2019 AP 12 0048 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                  Court of Common Pleas, Case No.
                                  2013 TC 07 0288

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 June 12, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT C. URBAN JR.                       MICHELA HUTH
117 South Broadway, P.O. Box 1007         PO Box 17
New Philadelphia, Ohio 44663              Bolivar, Ohio 44612

For CSEA

DEBORAH EASTERDAY
Tuscarawas County CSEA
154 2nd St NE
New Philadelphia, Ohio 44663

*Baldwin, J.*

{¶1}   Defendant-appellant Christina DiDonato appeals from the November 27, 2019 Judgment Entry of the Tuscarawas County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2}   The relevant facts leading to this appeal are as follows:

{¶3}   Appellant Christina Huth DiDonato and Appellee Stephen DiDonato were married in September 2001 in Florida. They are the parents of two minor children: D.D., born in 2004, and P.D., in 2007.

{¶4}   On April 8, 2014, the parties were granted a divorce pursuant to an agreed entry in the Tuscarawas County Court of Common Pleas. Appellant Christina was designated the sole residential parent and legal custodian of the two children, subject to visitation and parenting rights of Appellee Stephen.

{¶5}   However, just one month later, on May 7, 2014, appellee filed a motion to modify parental rights and responsibilities, requesting that he be named the residential and legal custodian of D.D. and P.D. based upon a change in circumstances.

{¶6}   On July 22, 2015, following a lengthy period of court action, the trial court granted appellee Stephen's motion to modify and named appellee as residential parent and legal custodian of the children. The trial court further found appellee should make all educational and medical decisions for the children. In addition, appellant was ordered to pay child support of $298.96 per month, plus processing fees.

{¶7}   Appellant Christina appealed to this Court regarding the July 22, 2015 decision to change residential parent status to appellee, as well as a clarification entry issued by the trial court on September 2, 2015. However, on April 11, 2016, we affirmed

the trial court's decisions. *See DiDonato v. DiDonato,* 5th Dist. Tuscarawas Nos. 2015 AP 07 0042, 2015 AP 09 0051, 2016-Ohio-1511, 63 N.E.3d 660.

**{¶8}**   In the meantime, on March 12, 2015, appellee had filed a motion for contempt regarding *inter alia* the public exchange of the children and the doctor's appointments of the children. On September 2, 2015, the trial court adopted a May 28, 2015 magistrate's decision (with some modification) finding appellant in contempt. Appellant was sentenced to sixty days in jail, suspended upon compliance with certain purge provisions. Appellant again appealed to this Court. On May 23, 2016, we affirmed the decision of the trial court regarding contempt. *See DiDonato v. DiDonato*, 5th Dist. Tuscarawas No. 2015 AP 09 0055, 2016-Ohio-3129, 66 N.E.3d 24.

**{¶9}**   On August 17, 2018, appellant submitted a request for an administrative review of the child support order. In accordance with R.C. 3119.60, a "desk review" was scheduled for October 8, 2018. As a result of the desk review, an administrative adjustment recommendation was issued on October 10, 2018, leaving the order at $298.96 per month, finding that a 10% change had not resulted from the updated calculation.

**{¶10}** Appellant objected to the "desk review" administrative adjustment recommendation. A hearing was duly scheduled before the administrative hearing officer for November 16, 2018. The hearing went forward, and the hearing officer issued his report on November 29, 2018. Pursuant to R.C. 3119.63(F), the CSEA submitted to the trial court a revised amount of child support of $338.87 per month, plus processing fees. On December 20, 2018, the trial court issued a "Judgment Entry - Modification of Support" in conformity therewith.

**{¶11}** On January 22, 2019, appellant filed a Notice of Appeal. Pursuant to an Opinion filed on July 25, 2019 in *DiDonato v. DiDonato*, 5th Dist. Tuscarawas No. 2019 AP 01 0008, 2019 -Ohio- 2994, this Court reversed the judgment of the trial court and remanded the matter to conduct a hearing to determine if appellant had properly preserved an objection to the administrative child support adjustment under R.C. 3119.63.

**{¶12}** Thereafter, a hearing was held on November 25, 2019. The trial court, pursuant to a Judgment Entry filed on November 27, 2019, found that appellant's written objections to the hearing officer's report were untimely and that the December 20, 2018 decision of the trial court adopting the administrative modification of child support rendered by the Tuscarawas County CSEA "shall remain in effect until further Order of this Court."

**{¶13}** Appellant now raises the following assignments of error on appeal:

**{¶14}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING AND ORDERING THAT APPELLANT'S "WRITTEN OBJECTIONS TO THE HEARING OFFICER'S REPORT FAXED ON DECEMBER 19 2018, WERE UNTIMELY."

**{¶15}** "II. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHEN IT FOUND THAT ORDERED THAT THAT APPELLANT'S "WRITTEN OBJECTIONS TO THE HEARING OFFICER'S REPORT FAXED ON DECEMBER 19 2018, WERE UNTIMELY."

I, II

**{¶16}** Appellant, in her first assignment of error, argues that the trial court abused its discretion in finding that appellant's written objections to the Hearing Officer's Report

were untimely. In her second assignment of error, appellant argues that her right to due process was violated when the trial court determined that her objections were untimely.

**{¶17}** An abuse of discretion is more than an error of law or judgment, it implies an attitude of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). On an abuse of discretion review, "an appellate court is not free to substitute its judgment for that of the trial judge." *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

**{¶18}** In the case sub judice, on November 16, 2018, CSEA held an administrative hearing. The Hearing Officer issued a report on November 29, 2018. The report stated that either party could file objections to the same "[w]ithin fifteen (15) days of receipt of this report." The decision was mailed on November 30, 2018 to appellant. Appellant filed her written objections via FAX on December 19, 2018.

**{¶19}** At issue in this case is whether appellant's objections were untimely because the report stated that either party could file objections to the same "[w]ithin fifteen (15) days of receipt of this report."

**{¶20}** Civ.R. 6(D) states as follows:

(D) Time: Additional Time After Service by Mail or Commercial Carrier Service. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period. This division does

not apply to responses to service of summons under Civ.R. 4 through Civ.R. 4.6.

**{¶21}** The issue thus becomes when the report was received. At the November 25, 2019 hearing, appellant was present but did not testify. Appellant's counsel testified that her client would testify that "she gave it [the report] to me and that her attorney filed it within fifteen days of receipt, that she gave it to me the minute that she got it." Transcript at 11. The trial court stated that "I don't want you to tell me what day she [appellant] received it, I want her to tell me what day she received it. Transcript at 11. However, as is stated above, appellant did not testify. Appellant's counsel, on cross-examination, was unable to recall when she received the report, but testified that she knew that her "objections were within fifteen days of receiving it." Transcript at 13.

**{¶22}** The trial court, in its decision, found that "without any evidence as to when Defendant [appellant] received the Hearing Officer's Report, Attorney Michela Huth's testimony that the Written Objections were filed within 15 days of receipt was not credible." The trial court further found as follows:

**{¶23}** The Court FINDS that, based upon Civ.R. 6(D), it is reasonable for the Court to presume that Defendant received the Hearing Officer's Report within three days *absent any actual evidence that it was received on a later day.*

**{¶24}** The Court FINDS that, absent evidence of the date of actual receipt, Defendant should have submitted her Written Objections to the CSEA no later than December 18, 2019.

**{¶25}** The Court FINDS, therefore, that Defendant's Written Objections to the Hearing Officer's Report faxed on December 19, 2018, were untimely, without credible evidence suggesting otherwise.

**{¶26}** The trial court, as trier of fact, was in the best position to assess the credibility of the testimony. The trial court clearly did not find Attorney Huth's testimony to be credible. We find that the trial court's decision was not arbitrary, unconscionable or unreasonable.  As noted by appellee absent credible evidence as to when appellant received the report, the court could not conclude that the objection had been filed in a timely manner. We find no abuse of discretion.

**{¶27}** Appellant also argues that she was deprived of due process of law by the trial court's determination that her objections were untimely. With respect to due process, we note that, in civil proceedings, due process requires notice and a meaningful opportunity to be heard. *State v. Hayden,* 96 Ohio St.3d 211, 2002–Ohio–4169, 773 N.E.2d 502. We find that reasonable notice and opportunity to be heard (i.e. to object) were afforded to appellant under the facts and circumstances presented, and that the trial court did not deprive her of due process. Appellant' failure to file a timely objection is not a denial of due process. As is stated above, appellant offered no evidence as to when she received the hearing officer's report which was mailed to her on November 30, 2018.

**{¶28}** Appellant's first and second assignments of error are, therefore, overruled.

**{¶29}** Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.